# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-3 |
| MIKAL MCCRACKEN<br>   a/k/a "Kal", | : | |
| AMIN MUSE,<br>   a/k/a "Miyn,"<br>   a/k/a "Miyns," | : | |
| ALEEM ABDUL-HAKIM<br>   a/k/a "Fat Leem", | : | |
| DEAN FOSQUE<br>   a/k/a "30", | : | |
| KAVON COLEMAN<br>   a/k/a "Ski" | : | |

## GOVERNMENT'S TRIAL MEMORANDUM

**I.    THE SUPERSEDING INDICTMENT**

On July 24, 2024, a grand jury sitting in the Eastern District of Pennsylvania returned a Superseding Indictment against defendants Mikal McCracken, Amin Muse, Aleem Abdul-Hakim, Dean Fosque, Kavon Coleman, Amadou Moussa and Davon Squire. *See* Dkt. No. 68. This trial concerns Mikal McCracken, Amin Muse, Aleem Abdul-Hakim, Dean Fosque, and Kavon Coleman.[1] The defendants were charged in a seventy-count Superseding Indictment charging them with one count of conspiracy, in violation of Title 18, United States Code, Section 371; one count of carjacking resulting in death and aiding and abetting, in violation of Title 18, United States Code, Sections 2119(3) and 2, one count of conspiracy to tamper with a witness by murder, in violation of Title 18, United States Code, Section 1512(k), one count of tampering

---

[1] Remaining defendants Amadou Moussa and Davon Squire will be tried separately.

with a witness by murder and aiding and abetting, in violation of Title 18, United States Code, Section 1512(a)(1)(c), (a)(3)(A) and 2, two counts of murder in the course of using, carrying, and brandishing, or discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of Title 18, United States Code, Sections 924(j)(1) and 2, twenty-eight counts of carjacking or carjacking resulting in serious bodily injury and aiding and abetting, in violation of Title 18, United States Code, Sections 2119(1) and (2) and 2, and twenty-eight counts of using, carrying, and brandishing, or discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of Title 18, United States Code, Sections 924(c)(1)(A) & 2.[2]

## II. FACTUAL BACKGROUND

Between October 2021 and October 2022, defendants Mikal McCracken ("Kal'"), Amin Muse ("Miyn" or "Miyns"), Aleem Abdul-Hakim ("Fatleem"), Dean Fosque ("30"), Kavon Coleman ("Ski"), Amadou Moussa, and Davon Squire, along with Jonathan Akubu and Eniamaj Lee, charged elsewhere, and others, engaged in a conspiracy to commit gunpoint carjackings in Philadelphia, PA and the surrounding counties in order to sell those cars to buyers who would ship them overseas to Africa.

Groups of rotating carjackers (including McCracken, Muse, Abdul-Hakim, Fosque, Coleman, Akubu, and Lee) committed gunpoint carjackings from October 2021 through February of 2022. The conspiracy involved approximately 60 carjackings, and 31 of those carjackings are specifically included in the Superseding Indictment. The carjackers sold many of

---

[2] The remaining counts apply to Amadou Moussa, who is charged with five counts of exportation of stolen vehicles, in violation of Title 18, United States Code, Section 553(a), one count of fraud in connection with identification documents, in violation of Title 18, United States Code, Section 1028(a)(7), and one count of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A, and to Davon Squire, who is charged with one count of transportation of stolen vehicles, in violation of Title 18, United States Code, Section 2312.

these carjacked cars to buyers, including Amadou Moussa, who shipped carjacked cars overseas to Africa through approximately October of 2022. On February 6, 2022, McCracken, Muse, Abdul-Hakim, and Akubu murdered a carjacking victim, G.B., and on February 12, 2022, McCracken, Muse, and Akubu conspired to murder A.G., a locksmith who had made a key for G.B's car.

Throughout the course of this conspiracy, carjackers targeted people driving newer model Toyota SUVs (Highlander, RAV4, and 4Runner models), Range Rovers, and other high-end vehicles. They also stole cars that belonged to carjacking victims or their associates. Victims were typically attacked by two or three suspects, who usually wore masks and/or hoods to cover their faces, and often, another suspect waited in a nearby vehicle. The carjackers used firearms, and often assaulted their victims, sometimes by shooting them. In addition to cars, they also took personal identification, credit cards, and money from their victims. In several cases the group then used the stolen identification materials to commit fraud crimes. Many of the incidents occurred in Southwest Philadelphia and Northeast Philadelphia; and there were also attacks in the surrounding suburbs, including Yeadon, Millbourne, Lower Southampton, and King of Prussia.

The group committed the carjackings to sell the stolen cars to a group of buyers, including Amadou Moussa, who would then ship the cars to Africa for re-sale. Law enforcement recovered some cars in the Philadelphia area or in the area of the Parkview Court Apartments in Yeadon before they could be shipped. Others were recovered from shipping containers at various ports in the United States as they awaited shipment to Niger and other countries. Still other cars have not been recovered.

The carjackers brandished handguns during the carjackings, which they used to shoot at

victims in at least 8 of the 31 carjackings included in the Superseding Indictment, including the murder and four other instances where victims were struck by bullets. In numerous other carjackings, victims were pistol-whipped and/or forced to kneel or lie on the ground.

Chronologically, the carjackings began in October 2021, where the two primary participants in the conspiracy were Dean Fosque and Jonathan Akubu. Dean Fosque's younger brother, Mikal McCracken, then joined the conspiracy. McCracken also involved his friends, including Amin Muse, Aleem Abdul-Hakim, Kavon Coleman, and Eniamaj Lee. There were also other friends not included in the Superseding Indictment who participated in some of the carjackings. Between October 2021 and February of 2022, groups of carjackers would often commit numerous carjackings in one night. In the first half of the conspiracy, Dean Fosque and Jonathan Akubu were primarily involved, although McCracken and his friends were beginning to engage in the crimes, as well. However, on January 21, 2022, Fosque was arrested committing a burglary at a car rental facility, and he remained in jail from that point forward. In the second half of the conspiracy, McCracken and a rotating group of his friends, including Muse, Abdul-Hakim, Coleman, and Lee, along with Akubu, were primarily involved.

McCracken is charged with participating in 21 carjackings and both murders of the carjacking victim and locksmith. Muse is charged with participating in 9 carjackings and both murders of the carjacking victim and locksmith. Abdul-Hakim is charged with participating in 5 carjackings and the murder of the carjacking victim. Fosque is charged with participating in 10 carjackings. Coleman is charged with participating in 4 carjackings.[3]

---

[3] Amadou Moussa is charged with ordering and purchasing carjacked cars throughout the conspiracy that he knew to have been taken during gunpoint carjackings. Moussa is specifically charged with aiding and abetting seven carjackings. Moussa also used stolen or forged identification documents of carjacking victims to ship containers and for other nefarious purposes. Squire is charged for his participation in driving carjacked cars to different locations on behalf of Amadou Moussa, including the murder victim's car, and two other carjacked cars.

The conspiracy involved so many carjackings that one victim, M.D., was carjacked twice—once on December 19, 2021 (by McCracken, Akubu, and Lee), and then again, a month later on January 27, 2022 (by McCracken, Coleman, Akubu, and Lee). Both times, the carjackers shot him in the same leg. In another instance, the conspirators (Fosque and Akubu) carjacked and shot a man outside his home, K.N., and stole his firearm—an FN handgun. That FN handgun would later be used during other crimes in the spree, including the two murders.

The first murder occurred on February 6, 2022, when McCracken, Muse, and Abdul-Hakim, along with Jonathan Akubu, charged elsewhere, carjacked victim G.B. and shot and killed him in the process. McCracken pulled the trigger. In their haste to flee the scene in G.B.'s car, which was already running, the carjackers failed to take G.B.'s key fob (which they would need in order to continue operating G.B's car once it was eventually shut off). Accordingly, they enlisted the help of a locksmith, A.G., to make them a new key for the car.

However, on February 12, 2022, the police located and recovered G.B.'s vehicle shortly after the key was made. Members of the conspiracy, including defendants McCracken and Muse, and Jonathan Akubu, charged elsewhere, feared that A.G. would be identified through forensics by law enforcement because he touched the car while making the replacement key. They believed that A.G. would cooperate with law enforcement investigating the killing, and so they plotted to kill him, and murdered him on February 12, 2022, to prevent him from betraying them. Akubu pulled the trigger.

The case involves various types of evidence, including but not limited to, witness testimony, cell site location information from the defendants' cell phone records; content from

the defendants' cell phones, including messages and pictures; GPS data from numerous vehicles; ballistic evidence; evidence of recoveries of victims' property; video; and other forensics.

### III. STATUTES CHARGED AND ELEMENTS OF THE OFFENSES

**A. Conspiracy to commit armed carjacking/conspiracy to transport stolen motor vehicles in interstate commerce, and to export stolen motor vehicles, in violation of 18 U.S.C. § 371[4] (Count 1)**

To obtain a conviction under this statute, the government must prove:

1. That two or more persons agreed to commit offenses against the United States, as charged in the superseding indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal to commit an offense against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

**B. Carjacking resulting in death, in violation of 18 U.S.C. § 2119 (3)[5] (Count 2)**

To obtain a conviction under this statute, the government must prove:

1. That defendant took a motor vehicle from the person or presence of another;

2. That the defendant took the vehicle by using force and violence or by acting in an intimidating manner;

3. That the defendant acted with intent[6] to cause death or serious bodily harm.

4. That the motor vehicle had previously been transported, shipped, or received in

---

[4] *See* Third Circuit Model Jury Instruction 6.18.371A (2024).

[5] *See* Modern Federal Jury Instructions-Criminal, Instruction 53A-2 (2024).

[6] Conditional intent is sufficient to satisfy the mens rea requirement of intent to cause death or serious bodily injury. *See Holloway v. United States*, 526 U.S. 1 (1999). Evidence that the subjects pointed a gun at the victim while making demands is sufficient to prove this element. *See e.g.*, *United States v. Lowe*, 222 F. App'x 220, 224 (3d Cir. 2007)

6

interstate or foreign commerce; and

5. That someone died as a result.

**C. Carjacking or attempted carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(2)[7] (Counts 17, 23, 39, and 57)**

To obtain a conviction under this statute, the government must prove:

1. That defendant took a motor vehicle from the person or presence of another;

2. That the defendant took the vehicle by using force and violence or by acting in an intimidating manner;

3. That the defendant acted with intent to cause death or serious bodily harm.

4. That the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce; and

5. That someone suffered serious bodily injury as a result.

**D. Carjacking or attempted carjacking, in violation of 18 U.S.C. § 2119(1)[8] (Counts 7, 9, 11, 13, 15, 19, 21, 25, 27, 29, 31, 33, 35, 37, 40, 42, 44, 46, 48, 50, 52, 54, 56, and 59)**

To obtain a conviction under this statute, the government must prove:

1. That defendant took a motor vehicle from the person or presence of another;

2. That the defendant took the vehicle by using force and violence or by acting in an intimidating manner;

3. That the defendant acted with intent to cause death or serious bodily harm; and

4. That the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce.

**E. Conspiracy to tamper with a witness by murder, in violation of 18 U.S.C. § 1512(k)[9] (Count 4)**

---

[7] *See* Modern Federal Jury Instructions-Criminal, Instruction 53A-2 (2024).

[8] *See* Modern Federal Jury Instructions-Criminal, Instruction 53A-2 (2024).

[9] *See* Third Circuit Model Jury Instruction 6.18.371A (2021); 18 U.S.C. § 1512(k).

7

To obtain a conviction under this statute, the government must prove:

1. That two or more persons agreed to tamper with a witness by murder, as charged in the superseding indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal of tampering with a witness by murder; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

**F. Tampering with a witness by murder, in violation of 18 U.S.C. § 1512(a)(1)(C), (a)(3)(A)[10] (Count 5)**

To obtain a conviction under this statute, the government must prove:
1. That the defendants killed A.G.; and
2. 
3. That defendants killed A.G. with the intent to prevent the communication by any person to a federal law enforcement officer relating to the commission or possible commission of a federal crime.

With respect to the second element, the government must prove that at least one of the law-enforcement-officer communications which the defendant sought to prevent would have been with a federal officer, but the government is not obligated to prove that the defendant knew or intended anything with respect to this federal involvement. The government may meet this burden by showing that the conduct which the defendant believed would be discussed in these communications constitutes a federal offense, so long as the government also presents additional appropriate evidence.

**G. Murder in the course of using and carrying a firearm, in violation of 18 U.S.C. § 924(j)(1)[11] (Counts 3 and 6)**

---

[10] *See United States v. Bell*, 113 F.3d 1345, 1349 (3d Cir. 1997); 2 Modern Federal Jury Instructions-Criminal P 46.45 (2025); 2 Modern Federal Jury Instructions-Criminal P 46.45 (2025)

[11] *See* Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, 18 U.S.C. § 924(j) (2020 Online Edition) (modified as noted); 18 U.S.C. 1111(a); United States v. Ostrander, 411 F.3d 684, 687 (6th Cir. 2005) (Section 924(j) incorporates the definition of murder in Section 1111(a)); Modern Federal Jury Instructions-Criminal, Instructions 35-87, 41-2, Matthew Bender & Company, Inc. (2022). See also 3rd Circuit Model Criminal Jury Instructions, No. 6.18.924B (2022); 18 U.S.C § 1111(a); O'Malley, Grenig, and Lee, 2A Federal Jury Practice & Instructions. §§ 45:16, 45:17 (6th ed.) (2021 update).

To obtain a conviction under this statute, the government must prove:

1. That the defendants (*committed the crime of carjacking resulting in death as charged in Count 2 of the Superseding Indictment;*) (*committed the crime of tampering with a witness by murder as charged in Count 5 of the superseding indictment*).

2. That the defendants used or carried a firearm during and in relation to the crime of (*carjacking resulting in death*)(*tampering with a witness by murder*) a crime of violence which may be prosecuted in federal court. The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the carjacking. "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the government must show active employment of the firearm. If a defendant or his co-conspirator did not either disclose or mention the firearm or actively employ it, the defendant or his co-conspirator did not use the firearm. "Carry" means that a defendant had the firearm on his person or possessed the firearm.

3. That the defendants caused the death of a person through the use of the firearm; and

4. The killing of that person was a murder.

In determining whether a defendant or his co-conspirator used or carried a firearm in relation to the (carjacking resulting in death)(tampering with a witness by murder), you may consider all of the factors received in evidence in the case including the nature of the underlying crime, how close a defendant or his co-conspirator was to the firearm in question, the usefulness of the firearm to the crime, and the circumstances surrounding the presence of the firearm.

The government is not required to show that a defendant or his co-conspirator actually displayed or fired the weapon. However, the government must prove beyond a reasonable doubt that the firearm was in a defendant or his co-conspirator's possession or under his control at the time that the crime of carjacking was committed and that the firearm facilitated or had the potential of facilitating the carjacking.

"Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing… is murder in the first degree. Any other murder is murder in the second degree."

The term "malice aforethought" means either to kill another person deliberately and intentionally or to act with callous and wanton disregard for human life.

The word "premeditation" means with planning or deliberation. The passage of time is a

9

factor which you may consider in attempting to determine if a defendant acted with "premeditation." The amount of time needed for premeditation of a killing can depend on the person and the circumstances. The time must be long enough after forming the intent to kill, however, for the killer to have been fully conscious of the intent and to have considered the killing.

**H. Using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation 18 U.S.C. § 924(c)(1)(A)[12] (Counts 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 41, 43, 45, 47, 49, 51, 53, 55, 58, 60, 61, and 62)**

To obtain a conviction under this statute, the government must prove:

1. The defendant committed the crime of carjacking, as charged in [count numbers];

2. That during and in relation to the commission of that crime, the defendant knowingly used or carried, brandished or discharged[13] a firearm. The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime. "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the government must show active employment of the firearm. If the defendant did not either disclose or mention the firearm or actively employ it, the defendant did not use the firearm. "Carry" means that the defendant possessed the firearm.

3. That the defendant used or carried the firearm during and in relation to the crime. During and in relation to means that the firearm must have had some purpose or effect with respect to the crime. The firearm must have at least facilitated or had the potential of facilitating the crime.

**I. Aiding and Abetting in violation of 18 U.S.C. § 2[14]**

---

[12] *See* Third Circuit Model Criminal Jury Instruction § 6.18.924B (2024).; see also *Lora v. United States*, 599 U.S. 453, 464, 143 S. Ct. 1713, 1720 (2023).

[13] "For purposes of this subsection, the term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." *See* 18 U.S.C. Section 924(c)(4); Third Circuit Model Criminal Jury Instruction § 6.18.924B (2024), "Increased Penalties for Brandishing, Discharging, and Certain Firearms." Also, "[t]he term 'discharge' refers to the firing of a bullet from the firearm, whether on purpose or by accident. There is no requirement of intentional discharge. Dean v. United States, 556 U.S. 568 (2009)." *Id*.

[14] *See* Third Circuit Model Criminal Jury Instruction § 7.02 (2024).

To obtain a conviction under this statute, the government must prove:

1. That the principal committed the offense(s) charged by committing each of the elements of the offense(s) charged, as I have explained those elements to you in these instructions. The principal need not have been charged with or found guilty of the offense(s), however, as long as you find that the government proved beyond a reasonable doubt that he committed the offense(s)).

2. That the defendant knew that the offense(s) charged were going to be committed or were being committed by the principal, and

3. That the defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, [or] encouraging the principal in committing the specific offense(s) charged and with the intent that the principal commit those specific offense(s), and

4. That the defendant performed an act(s) in furtherance of the offense(s) charged.

**J. Exportation of stolen motor vehicles, in violation of 18 U.S.C. § 553(a)[15] (Counts 63, 64, 65, 66, and 67)**

To obtain a conviction under this statute, the government must prove:

1. That the defendant knowingly attempt to export a motor vehicle as described in the indictment; and

2. That the defendant knew the motor vehicle had been stolen.

To "export" means to send or carry from one country to another.

To have been "stolen" means a person wrongfully took property belonging to another with the intent to deprive the owner of its use and benefit either temporarily or permanently.

"Motor vehicle" means a vehicle driven or drawn by mechanical power and manufactured primarily for use on public streets, roads, and highways, but does not include a vehicle operated only on a rail line.

**K. Fraud and related activity in connection with identification documents, authentication feature, and information, in violation of 18 U.S.C. § 1028(a)(7)[16] (Count 68)**

---

[15] *See* Fifth Circuit Model Criminal Jury Instruction § 2.25 (2019).

[16] 2 Modern Federal Jury Instructions-Criminal P 39A.36 (2025).

To obtain a conviction under this statute, the government must prove:

1. First, that the item described in the Superseding Indictment is a means of identification of another person, as I will define that term for you;

2. Second, that defendant used (*or* possessed) that means of identification;

3. Third, that the defendant acted knowingly and without lawful authority;

4. Fourth, that the defendant acted with the intent to commit (*or* to aid and abet *or* in connection with) an unlawful activity that violates federal (*or* state) law; and

5. Fifth, that the defendant's conduct was in or affecting interstate commerce (*or* that the means of identification was transported in the United States mails).

**L. Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A[17] (Count 69)**

To obtain a conviction under this statute, the government must prove:

1. That the defendant knowingly used (*or* transferred *or* possessed) a means of identification of another person;

2. That the defendant used the means of identification during and in relation to the offense of [e.g., identity fraud charged in Count 1]; and

3. That the defendant acted without lawful authority.

**M. Interstate Transportation of Stolen Vehicles, in violation 18 U.S.C. § 2312 (Count 70)[18]**

To obtain a conviction under this statute, the government must prove:

1. First, that the vehicle described in the Indictment was stolen;

2. Second, that the defendant transported that vehicle in interstate commerce, or caused it to be transported; and

3. Third, that at the time of the transportation, the defendant knew that vehicle

---

[17] 2 Modern Federal Jury Instructions-Criminal P 39A.10 (2025).

[18] 3 Modern Federal Jury Instructions-Criminal P 54.03 (2025).

was stolen.

## IV. <u>**TRIAL PRESENTATION**</u>

The government intends to present evidence in groups, starting with the murder and attempted carjacking on February 6, 2022, and murder on February 12, 2022. Then, the government will begin presenting evidence of the remaining carjackings chronologically, beginning with the carjacking on October 2, 2021. The government will present smaller groups of two to four carjackings at a time. After each group of carjackings, the government will present relevant evidence from the FBI case agent and from the CAST FBI agent related to that specific group. The government believes this presentation plan will help keep the information organized for all parties and for the factfinders, but the government notes that slight deviations may be necessary due to witness availability.

## V. <u>**STIPULATIONS**</u>

To streamline the trial for the Court's and jury's convenience, the government will propose to the defense a number of standard and routine stipulations. The government will submit any stipulations the parties reach to the Court.

## VI. WITNESSES

The Government will submit an unredacted witness list to the Court and counsel.

The government respectfully requests to reserve the right to supplement this memorandum and its witness list, as may be required.

                                          Respectfully submitted,

                                          DAVID METCALF
                                          United States Attorney

                                          */s/ Maureen McCartney*
                                          MAUREEN McCARTNEY
                                          Assistant United States Attorney
                                          Chief, Violent Crime Unit

                                          */s Joseph LaBar*
                                          JOSEPH LABAR
                                          Assistant United States Attorney

                                          */s Katherine Shulman*
                                          KATHERINE SHULMAN
                                          Assistant United States Attorney

Date: December 15, 2025

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Amended Trial Memorandum has been served by electronic mail on all counsel of record.

> */s Joseph LaBar*
> JOSEPH LABAR
> Assistant United States Attorney
>
> */s Katherine Shulman*
> KATHERINE SHULMAN
> Assistant United States Attorney

Dated: December 15, 2025